IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LEO A. KING, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. |
| § | SA-17-CA-349 |
| EDWARD DRUSINA, COMMISSIONER, § | |
| INTERNATIONAL BOUNDARY AND § | |
| WATER COMMISSION, § | |
| § | |
| Defendant. § | |

## COMPLAINT

Plaintiff Leo A. King by his attorneys Gaul and Dumont complaining of Defendant Edward Drusina, Commissioner, International Boundary and Water Commission alleges:

### JURISDICTION AND VENUE

(1) This action is brought to remedy retaliation for previous protected activity under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*.

(2) Injunctive and declaratory relief, damages, and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. §2000e-5(f) and (g) and 42 U.S.C. §1981a.

(3) Plaintiff filed complaints of retaliation received by Defendant on January 31, 2011 (dated January 28, 2011) and March 3, 2011 (dated February 22, 2011), complaining of the acts of retaliation alleged herein.

(4) Defendant issued a Final Agency Decision (FAD) on September 8, 2011, which was appealed to the Equal Employment Opportunity Commission Office of Federal Operations (EEOC OFO) by Plaintiff on September 19, 2011. The EEOC OFO remanded the complaints back to Defendant on

March 8, 2013, for further investigation. Defendant issued a second FAD on February 5, 2014, which was appealed to the EEOC OFO by Plaintiff on March 6, 2014. On August 19, 2016, the EEOC OFO affirmed the second FAD and Plaintiff filed a Request for Reconsideration on September 21, 2016. The Request for Reconsideration is still pending a decision by the EEOC OFO. It has been more than 180 days since Plaintiff filed the original complaints, appealed to the EEOC OFO, and filed the Request for Reconsideration.

(5)     Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII. Jurisdiction of the Court is proper under §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3).

(6)     As the unlawful employment practices complained of herein occurred within the State of Texas, venue is proper in the Western District of Texas pursuant to §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §1391(b).

## PARTIES

(7)     Plaintiff was a laborer (WG-3502-03) for Defendant's Lower Rio Grande Flood Control Project in Mercedes, Texas, on a full-time term appointment not to exceed October 4, 2011.

(8)     Defendant is an employer as defined by Title VII.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

(9)     Plaintiff's supervisor during the time period when Plaintiff allegedly committed misconduct was Ricardo Montemayor, Engineering Equipment Supervisor. Montemayor was employed by Defendant for 33 years and retired December 31, 2010.

(10)    Rudolfo Montero, Area Operations Manager, Civil Engineer Supervisor, was in charge of operations at the Mercedes office, but he was never Plaintiff's supervisor.

(11) Francisco Martinez was Plaintiff's supervisor for the first seven days of January 2011, during which time no allegations of misconduct were alleged against Plaintiff.

(12) Plaintiff first engaged in protected activity on April 19, 2010, when he initiated an informal complaint of discrimination through the Federal EEOC process.

(13) After filing the informal complaint of discrimination, Plaintiff learned that a supervisor under the direction of Montero talked about Plaintiff's EEOC complaint with Plaintiff's co-workers. At a meeting on May 14, 2010, Plaintiff's co-workers were asked by Montero whether they had heard about Complainant's EEOC complaint from a supervisor and six employees raised their hands. It was determined that a supervisor under the direction of Montero told the co-workers Plaintiff had filed an EEOC complaint and they should be careful about what they said.

(14) The EEOC found the comments made by management constitute per se retaliation under Title VII, because such comments are likely to have a chilling effect and deter employees from full exercise of their EEOC rights. The EEOC determined that while the comments may not have deterred Plaintiff from pursuing his EEOC complaint, they may have deterred EEOC activity by other employees who were made aware of the comments. The EEOC stressed that Defendant has a continuing duty to promote the full realization of equal employment opportunity in its policies and practices in every aspect of Defendant's personnel matters and must insure that supervisors promote and enforce a vigorous equal employment opportunity program.

(15) As a result of the per se retaliation by management, on July 1, 2010, Plaintiff filed a formal EEOC complaint.

(16) On December 31, 2010, Plaintiff's supervisor Montemayor retired and Martinez became Plaintiff's supervisor.

(17)     On January 7, 2011, immediately after the retirement of Plaintiff's supervisor Montemayor who had personal knowledge of Plaintiff's performance, Plaintiff was terminated in retaliation for his protected activity.

(18)     Defendant ignored the evidence presented by Plaintiff to dispute each of the alleged reasons for the termination, including support from his former supervisor Montemayor who testified Plaintiff did not commit any wrongdoing.

## FIRST CAUSE OF ACTION

(19)     Defendant has retaliated against Plaintiff in the terms and conditions of his employment in violation of Title VII.

(20)     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

## PRAYER FOR RELIEF

(21)     WHEREFORE, Plaintiff respectfully requests this Court enter a judgment:

(a)     Declaring the acts and practices complained of herein are in violation of Title VII;

(b)     Enjoining and permanently restraining these violations of Title VII;

(c)     Directing Defendant to take such affirmative action as is necessary to ensure the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

(d)     Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's retaliatory treatment of him, and make him whole for all earnings he would have received but for Defendant's retaliatory treatment, including, but not limited to, wages, pension, and other lost benefits;

(e)     Awarding Plaintiff compensatory damages;

(f) Awarding Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by §706(k) of Title VII, 42 U.S.C. §2000e-5(k); and

(g) Granting such other and further relief as this Court deems necessary and proper.

## DEMAND FOR A TRIAL BY JURY

(22) Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

>Respectfully submitted,
>
>LAW OFFICES OF
>GAUL AND DUMONT
>315 E. Euclid Avenue
>San Antonio, Texas 78212
>(210) 225-0685
>(210) 595-8340 - Fax
>
>By: */s/ Malinda A. Gaul*
>MALINDA A. GAUL
>State Bar #08239800
>Attorney for Plaintiff